Keith Lamarr ADAMS,
Plaintiff-Appellant,

v.

STATE of Missouri,
Defendant-Respondent.

No. 48877.

Missouri Court of Appeals,
Eastern District,
Division One.

March 26, 1985.

**402**

Joseph V. Neill, St. Louis, for plaintiff-appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

KAROHL, Judge.

This is a post conviction relief proceeding under Supreme Court Rule 27.26. Appellant pled guilty to forcible rape and sodomy. The court imposed consecutive sentences of ten years on the rape charge and eight years for the sodomy. In this proceeding the parties stipulated that the sentencing judge indicated he would have made the sentences concurrent except for his interpretation of § 558.026.1 RSMo Cum.Supp.1984. The sentencing judge concluded that this section mandated consecutive sentences for rape and sodomy committed at the same time. The trial court in this proceeding denied appellant's motion to vacate judgment and sentence. We affirm.

Appellant's sole point on appeal questions whether § 558.026.1 RSMo Cum.Supp.1984 mandates consecutive sentences for the offenses of rape and sodomy or whether the sentencing court has discretion to impose concurrent sentences for two sexual offenses.

██ Although appellant does not expressly claim the imposition of consecutive sentences is a violation of his constitutional rights where the sentences were within the authorized range of punishment we infer such and review on the merits. *See State v. Baker*, 524 S.W.2d 122 (Mo. banc 1975); and *Webb v. State*, 621 S.W.2d 113 (Mo. App.1981).

At the time of the denial of relief by the trial court and during the briefing period for this appeal the question presented had not been previously decided by an appellate court of this state. This issue was presented to this court in *State v. Toney*, 680 S.W.2d 268 (Mo.App.1984) together with other issues on a direct appeal from consecutive life sentences on convictions for forcible rape and sodomy.

In the *Toney* case defendant argued that this section mandated consecutive sentences only where the defendant was charged with a sex crime and one or more non-sexual offenses. We rejected this argument and held that § 558.026.1 RSMo Cum.Supp.1984

> is not so limited in scope and requires consecutive sentences for the sexual offense where the defendant is convicted of a sex crime and one or more offenses which occurred at the same time as, or during, the sexual offense, regardless of whether the other offense or offenses were also sex crimes.
>
> The phrase 'for other offenses' is nowhere expressly defined and its plain meaning in the context of the statute is any offense other than the particular sexual offense which is referred to in the statute. Thus, even if the other offense is another sexual offense, the sentences *must* be served consecutively. (emphasis added)

*Toney*, at 273.

██ Under this section, the sentencing court must impose consecutive sentences when a defendant is charged with a sex crime and a non-sex crime. When a defendant is charged with a sex crime and two or more non-sex crimes the sentencing court may make the non-sex crime sentences concurrent or consecutive to one another but must make these sentences consecutive to the sentence on the sex

crime. When a defendant is charged with a sex crime and a second sex crime and one or more non-sex crimes the sentencing court must first determine whether the non-sex crimes are to be concurrent or consecutive to one another but must make the sentence on the non-sex crimes consecutive to the sentence on the other sex crime which must be consecutive to any other sex crime. We interpret the provisions of this section to isolate sex crimes so that the sentencing for such offenses will be more severe which results from consecutive sentencing for sexual offenses that occur during or at the same time as any other offense whether a sex crime or a non-sex crime. It would therefore be illogical to construe this section to mandate consecutive sentences for rape and robbery and not rape and sodomy. If the opposite view were adopted then robbery in the discretion of the trial court may be punished more severely than sodomy when prosecuted in conjunction with a rape charge. We find that view inconsistent with the general requirement of § 558.026.1 RSMo Cum.Supp. 1984 that sex crimes be punished more severely. This section removes from the trial court the option of sentencing sex crimes concurrently. Formerly § 558.026.1 Laws 1977 effective January 1, 1979, provided that multiple sentences on any crime would run concurrently unless the court designated consecutive sentences. Section 558.026.1 was amended by Laws 1980 to its present form and indicates the legislative intent for consecutive sentences for the sex crimes expressly mentioned in this section.

Accordingly we affirm the judgment denying post conviction relief.

PUDLOWSKI, P.J., and GAERTNER, J., concur.