**James Howard LANEY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 41452.**

Missouri Court of Appeals,
Western District.

Dec. 5, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 30, 1990.

Joel R. Elmer, Asst. Public Defender, Columbia, for appellant.

William L. Webster, Atty. Gen., Ronald L. Jurgeson, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and KENNEDY and GAITAN, JJ.

LOWENSTEIN, Presiding Judge.

This is an appeal from an order, following an evidentiary hearing, denying James Howard Laney's motion under Rule 24.035. Laney alleges 1) ineffective assistance of counsel, and 2) lack of trial court's jurisdiction to enter a nunc pro tunc order.

Appellant Laney was charged by information on September 20, 1984 in Boone County Case Number 21AUG84109200 (case 200) with having committed the felony of rape against Sharon D. Under that information he was also charged as a prior offender under § 558.016, RSMo 1978, and as a persistent sexual offender under § 558.018, RSMo Cumm.Supp.1984. On the same day Laney was also charged by information in Boone County Case Number 23AUG84109212 (case 212) with one count rape and one count sodomy, both against Sandy L. This charge, 212, also charged him as a prior and persistent sexual offender, however, the state, pursuant to plea negotiations with Laney's counsel, subsequently filed an amended information omitting the prior and persistent sexual offender allegations. On November 5, 1984 Laney entered his pleas of guilty in both case 200 and case 212. At this time, the court made no formal finding in the judgment on

case 200 that Laney was a persistent sexual offender.

The guilty-plea court found that Laney's pleas were entered freely and voluntarily. He was then sentenced to 30 years imprisonment in case 200, to be served concurrently with the two consecutive sentences of 20 years' imprisonment imposed on the two offenses charged in case 212. Then, on March 13, 1985 the guilty-plea court noted *nunc pro tunc* that Laney's judgment in case 200 did not reflect the fact that he pled guilty as a persistent sexual offender. The court then ordered the judgment corrected to show the same.

On June 21, 1988 Laney filed a pro se motion to vacate, set aside or correct his sentence. Counsel was appointed and an amended motion was filed. The motion court, following an evidentiary hearing denied Laney's motion, and this appeal followed.

Review of the denial of a 24.035 motion is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. Rule 24.035(j). Such findings and conclusions are clearly erroneous only if, after review of the entire record, the appellate court is left with the firm impression that a mistake has been made. *Day v. State,* 770 S.W.2d 692, 695–96 (Mo. banc 1989).

## INEFFECTIVE ASSISTANCE OF COUNSEL

To prevail upon a claim of ineffective assistance of counsel, there must be shown that 1) counsel's representation fell below an objective standard of reasonableness, and 2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Burks v. State,* 768 S.W.2d 98, 99 (Mo.App.1988); *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985). This test also applies to the making of a guilty plea. A defendant who challenges the competency of counsel following the entry of a plea of guilty must show that, but for counsel's errors, he would not have pled guilty and

would have insisted on going to trial. *Burks, supra.*

Laney's main contention surrounding this point is that counsel misapplied and misstated § 558.026.1, RSMo 1986, concerning concurrent and consecutive terms of imprisonment. This section reads:

.Multiple sentences of imprisonment shall run concurrently unless the court specifies that they shall run consecutively; except that, in the case of multiple sentences of imprisonment imposed for the felony of rape, forcible rape, sodomy, forcible sodomy or an attempt to commit any of the aforesaid and for other offenses committed during or at the same time as that rape, forcible rape, sodomy, forcible sodomy or an attempt to commit any of the aforesaid, the sentences of imprisonment imposed for the other offenses may run concurrently, but the sentence of imprisonment imposed for the felony of rape, forcible rape, sodomy, forcible sodomy or an attempt to commit any of the aforesaid shall run consecutively to the other sentences.

Counsel advised Laney that § 558.026.1 *required* that any sentences received on the rape and sodomy counts in case 212 be served consecutively. However, *State v. Webb,* 737 S.W.2d 197 (Mo.App.1987), a case decided by this court, found that no such requirement existed. It was held that § 558.026.1 "requires that consecutive sentences be given only for sex crimes when a rape or sodomy ... is committed at the same time as a crime not involving rape or sodomy...." *Webb,* at 201–02. There is no such situation involved in case 212, so § 558.026.1 has no application. Laney insists that had he known any sentences he received could be served either consecutively or concurrently, he would not have pled guilty.

■ Although a seemingly valid argument, upon closer examination this point must fail. Laney pled guilty November 5, 1984. The statutory interpretation of § 558.026.1 at that time was espoused in the Eastern District case of *State v. Toney,* 680 S.W.2d 268 (Mo.App.1984). *Toney* held that the statute

requires a consecutive sentence for the sexual offense where the defendant is convicted of a sex crime and one or more offenses which occurred at the same time as, or during, the sexual offense, regardless of whether the other offense or offenses were also sex crimes.

\* \* \* \* \* \*

Thus, even if the other offense is another sexual offense, the sentences must be served consecutively.

*Toney,* at 273–75.

At the time of the guilty plea, *Toney* was the law, not *Webb.* Counsel could not reasonably be expected to foresee such a change. "It would indeed be a heavy burden that we would impose if we were to require an attorney to anticipate what the law might be." *Young v. State,* 770 S.W.2d 243, 244–45 (Mo. banc 1989). The advice Laney was given was correct "measured against the backdrop of the law" at the time of the guilty plea. *Young,* at 244. *See Coon v. Union Electric Co.,* 740 S.W.2d 402, 404 (Mo.App.1987); *Bethell v. Porter,* 595 S.W.2d 369, 375 (Mo.App.1980); *Keltner v. Keltner,* 589 S.W.2d 235, 239–40 (Mo. banc 1979). This advice cannot be considered ineffective. Point one is denied.

## NUNC PRO TUNC ORDER

The purpose of a nunc pro tunc amendment is to make the record conform to what was actually done where there is a basis in the record for the amendment. *Brunton v. Floyd Withers, Inc.,* 716 S.W.2d 823, 826 (Mo.App.1986). It is used to remedy a clerical error or mistake which resulted in an entry that did not reflect the judgment rendered. *Id., State v. Riley,* 761 S.W.2d 745 (Mo.App.1988). The court is free to look to the entire record to ascertain the judgment actually rendered as contrasted with the judgment entered to support its nunc pro tunc amendment. *Day v. Day,* 719 S.W.2d 876, 878–79 (Mo.App. 1986). Jurisdiction of a court to enter a nunc pro tunc order is not lost by lapse of time. *Day,* at 879; *Lansing v. Lansing,* 736 S.W.2d 554, 558 (Mo.App.1987).

Laney argues that in case 200 his guilty plea allowed for the possibility of parole, but due to the court's nunc pro tunc order he was sentenced as a persistent sexual offender with no eligibility of parole. He states he would not have pled guilty had he known the 30 year sentence was without possibility of parole. He also argues the court was without jurisdiction to make a nunc pro tunc entry, thus subjecting him to double jeopardy.

Looking to the entire record, this court finds the judgment actually rendered was as a persistent sexual offender and the 30 year sentence with no possibility of parole was properly ordered nunc pro tunc. Initially, the Information filed in case 200 on September 20, 1984 included the fact Laney was a persistent sexual offender under § 558.018 in that "[o]n or about January 29, 1971 defendant pleaded guilty to the felony of rape in the Circuit Court of St. Louis City, Missouri...." Unlike the Information in case 212, this Information was not amended to exclude the persistent sexual offender allegation.

It is obvious the state, as part of the negotiations dropped the prior and persistent charges on case 212, but intended Laney to plead to being a persistent offender on 200, making that sentence run consecutive to those in 212.

In any event, Laney freely admitted to having pled guilty to the felony of rape in 1971. He was questioned by Judge Conley at the guilty-plea hearing:

Q: Now, do you also understand that by entering a plea of guilty you are also admitting that on January the 29th of 1971 you pled guilty to the felony of rape in the circuit court of the City of St. Louis?

A: Yes, Your Honor.

Q: Did that happen?

A: Yes, Your Honor.

If the court was not going to sentence Laney as a persistent sexual offender, there would be no reason for this line of questioning.

Finally, and perhaps most telling, the judge explained in straight forward fashion the effect of being charged as a persistent offender.

Q: Do you also understand that the charge in the first case where you are charged as a persistent offender, do you understand by entering a plea of guilty to this charge, do you understand that this case requires that you serve at least thirty years in prison?

A: Yes, Your Honor.

Q: Do you understand there can be no parole for thirty years?

A: Yes, Your Honor.

Laney knew the effect of his guilty plea. It's ludicrous for him to now come forward and claim otherwise.

The court, through use of the nunc pro tunc amendment, made the record conform to what was actually done at the guilty-plea hearing. *Brunton*, at 826. There has been shown a basis in the record for the amendment: 1) The Information; and 2) the guilty-plea transcript. *Id.* The order was proper.

■ There is no merit to Laney's contention that the court was without jurisdiction to make the nunc pro tunc entry. "Jurisdiction of a court of record to amend its judgment by an order nunc pro tunc, is not lost by lapse of time." *Lansing* at 558. Nor is his double jeopardy argument meritorious. The court did not sentence Laney twice for the same offense—a nunc pro tunc order does not cause the original sentence to be set aside and a new sentence to be entered. *Whitaker v. State*, 451 S.W.2d 11, 14 (Mo.1970). The sentence was merely corrected, therefore, there was no double jeopardy violation. Point two is denied.

The court was correct in overruling the Rule 24.035 motion. In case 200, the 30 year sentence is as a persistent offender and is without possibility of parole. In case 212, the two 20 year sentences shall be served consecutively with possibility of parole. Sentences in both case 200 and 212 shall run concurrently to each other.

The judgment is affirmed.