**Robert A. WILLIAMS,
Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 72746.**

Supreme Court of Missouri,
En Banc.

Dec. 18, 1990.

Janet M. Thompson, Craig Johnston, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Andrea K. Spillars, Asst. Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

BLACKMAR, Chief Justice.

The defendant pleaded guilty to four charges, two of rape and two of forcible sodomy. The trial judge advised him as follows:

\* \* \* \* \* \*

THE COURT: Do you understand that under the law any Court is compelled to run sentences consecutively in these cases?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: And it is not within the privilege of any Court to run the sentences concurrently?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that the minimum sentence in each of these cases is ten years? Am I correct in that?

MR. FERRELL: That's correct, Your Honor.

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that the minimum sentence in each of these counts is ten years?

THE DEFENDANT: Yes, sir.

THE COURT: Therefore, do you understand that the minimum sentence this Court can impose in imposing the minimum would be four ten-year sentences, and that this Court must order them to run consecutively or which would be total of forty years?

THE DEFENDANT: Yes, sir.

THE COURT: Have you thoroughly discussed that with your attorney?

THE DEFENDANT: Yes, sir.

THE COURT: Understanding that do you still believe that it is to your selfish interest to enter these pleas of guilty today?

THE DEFENDANT: Yes, sir.

\*   \*   \*   \*   \*   \*

The judge carefully questioned the defendant as to whether he understood the consequences of pleading guilty, and ascertained that the plea was voluntary. He then sentenced him to four consecutive ten-year sentences, suspending execution on the last count.

The defendant then proceeded under Rule 24.035, arguing that the trial court misconstrued § 558.026.1, RSMo 1986, reading as follows:

> Multiple sentences of imprisonment shall run concurrently unless the court specifies that they shall run consecutively; except that, in the case of multiple sentences of imprisonment imposed for the felony of rape, forcible rape, sodomy, forcible sodomy or an attempt to commit any of the aforesaid and for other offenses committed during or at the same time as that rape, forcible rape, sodomy, forcible sodomy or an attempt to commit any of the aforesaid, the sentences of imprisonment imposed for the other offenses may run concurrently, but the sentence of imprisonment imposed for the felony of rape, forcible rape, sodomy, forcible sodomy or an attempt to commit any of the aforesaid shall run consecutively to the other sentences.

\*   \*   \*   \*   \*   \*

The trial court denied the relief sought. The court of appeals reviewed the apparently conflicting decisions of the Eastern and Western Districts of the Missouri Court of Appeals and transferred the case here. The cases from the Eastern District are consistent with the views expressed by the trial court and the motion court in the present case. Cases from the Western District find ambiguity in the statute, and opt for a "rule of lenity."

■ We agree that there is ambiguity in the statute. The language makes it clear that sentences for "rape, forcible rape, sodomy, forcible sodomy, or attempt to commit any of the aforesaid" must be run consecutively to "other sentences," which are defined as "multiple sentences of imprisonment ... for other offenses committed during or at the same time...." The statute establishes two kinds of offenses for sentencing purposes—the listed offenses and "other offenses." It states clearly what the court must do if the defendant is convicted of an offense in each class. It does not, however, say in explicit language what must be done if there are multiple convictions of those offenses listed. We believe that the ambiguity must be resolved, not so much through a "rule of lenity" as in favor of according the trial court maximum discretion.

The respondent argues that such a construction is illogical, and that the legislature obviously did not intend such an illogical result. It is not for us to say whether the statute is logical or not. What we say is that the statute does not clearly circumscribe the discretion which trial judges usually have in sentencing.

The state argues that the trial judge, before pronouncing sentence, clearly advised the defendant of the sentence he was to receive, and so the defendant has no complaint. We quite agree that there is no basis for allowing the defendant to withdraw his guilty plea. The trial judge's remarks, however, indicate that he felt that he had pronounced the minimum sentence. We cannot say that the judge might not have pronounced a less severe sentence if he thought he had discretion to do so. The appropriate remedy is to remand for resentencing.

The defendant also argues that his guilty plea should be vacated because his counsel promised him that he would receive only one ten-year sentence. The trial judge's questioning of the defendant, as set out above, demonstrates that this contention is frivolous.

The judgment denying postconviction relief is reversed. The sentence, but not the conviction, is vacated. The case is remanded with directions to resentence the defendant on his plea of guilty.

ROBERTSON, COVINGTON and HOLSTEIN, JJ., concur.

RENDLEN, J., dissents in separate opinion filed.

HIGGINS and BILLINGS, JJ., dissent and concur in dissenting opinion of RENDLEN, J.

RENDLEN, Judge, dissenting.

Though this is a postconviction proceeding, the majority treats the cause as if on direct appeal from the original criminal trial and mistakenly fails to address the specific claim raised by appellant in his Rule 24.035 motion. Appellant contends "his trial attorney was ineffective for failing to correct the trial judge, who at the close of the hearing on the guilty plea stated that under the law, he was 'compelled to run sentences consecutively in these cases.'" Defense counsel was not required to so "correct" the trial judge, who accurately assessed his duty under the law extant at the time of sentencing in February 1986. It cannot be said that counsel was ineffective nor that his service to defendant rendered the plea involuntary.

Appellant was sentenced on his guilty plea February 19, 1986, and at that time, the only Missouri cases construing the applicable statutes on the issue of consecutive sentencing for multiple simultaneous sex offenses were Eastern District cases, including *State v. Toney*, 680 S.W.2d 268 (Mo.App.1984), and *Adams v. State*, 688 S.W.2d 401 (Mo.App.1985), which squarely held consecutive sentencing was mandated under § 558.026.1 in such instances. *State v. Webb*, 737 S.W.2d 197 (Mo.App.1987), the first Western District case construing § 558.026.1 as urged by appellant, was not decided until October 7, 1987. Counsel cannot be deemed ineffective for failing to prophesy reversals of positions and contrary statutory interpretation that may be announced in later years. Indeed, the Western District so held in the case of *State v. Laney*, 783 S.W.2d 425 (Mo.App. 1989), which is directly apposite to the case at bar in that the appellant, sentenced before *Webb* was announced as the law in the Western District, claimed counsel was ineffective because § 558.026.1 was erroneously interpreted, and the *Laney* court correctly affirmed the trial court's denial of the appellant's 24.035 motion.

Further, if we condemn counsel for insufficient clairvoyance, *Strickland v. Washington* requires that in order to succeed on a claim of ineffective assistance of counsel, not only must counsel's performance be substandard, but appellant must demonstrate that actual prejudice resulted, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), neither of which occurred in this case. Defendant was told that the law mandated consecutive sentences and on that information he pled guilty. Most certainly he would have seized the opportunity to so plead if lighter (concurrent sentences) punishment had been offered and was available under the law. Thus it cannot be said such error, if it were error, worked to his prejudice and rendered his plea involuntary.

Turning to the issue of statutory interpretation as presented here and in the companion case of *State v. Burgess,* 800 S.W.2d 743 (Mo. banc 1990) No. 72796, from the Eastern District, I would adopt the well-reasoned view of Eastern District and recognize that § 558.026.1 mandates consecutive sentencing. Section 558.026.1 provides the following:

> Multiple sentences of imprisonment shall run concurrently unless the court specifies that they shall run consecutively; except that, in the case of multiple sentences of imprisonment imposed for the felony of rape, forcible rape, sodomy, forcible sodomy or an attempt to commit any of the aforesaid and for other offenses committed during or at the same time as that rape, forcible rape, sodomy, forcible sodomy or an attempt to commit any of the aforesaid, the sentences of imprisonment imposed for the other offenses may run concurrently, but the sentence of imprisonment imposed for the felony of rape, forcible rape, sodomy, forcible sodomy or an attempt to commit any of the aforesaid *shall run consecutively to the other sentences.* (Emphasis added.)

The question posed is whether a sentence on a conviction for a sex offense committed in conjunction with another sex offense must run consecutively to the other sentence. The Western District mistakenly ruled that to give the plain meaning to the phrase "other sentences" (the statute provides that the sentence for the sex offense shall run consecutively "to the other sentences"), those words must refer to offenses other than the sex offenses. *State v. Webb,* 737 S.W.2d 197, 201 (Mo.App. 1987). The court reasoned from the following hypothetical:

> A person is convicted of two counts of rape and two counts of sodomy for crimes occurring at the same time. If "other offenses" is construed to mean sex crimes, then to give any effect to the provision that the sentence for other crimes may run concurrently, the court could impose concurrent sentences on two or three of the counts. But under the cases which have construed this sec-

tion, the sentences in this illustration would be required to run consecutively. Such interpretation rewrites the section to eliminate the possibility that the sentences for the "other offenses" may be concurrent. *Id.*

The Eastern District, addressing the issue some three years earlier, persuasively interpreted the statute, stating:

> The phrase "for other offenses" is nowhere expressly defined and its plain meaning in the context of the statute is any offense other than the particular sexual offense which is referred to in the statute. Thus, even if the other offense is another sexual offense, the sentences must be served consecutively.

*State v. Toney,* 680 S.W.2d 268, 273–74 (Mo.App.1984). In the case of *Adams v. State,* 688 S.W.2d 401, 403 (Mo.App.1985), the court explained further:

> Under this section (558.026.1), the sentencing court must impose consecutive sentences when a defendant is charged with a sex crime and a non-sex crime. When a defendant is charged with a sex crime and two or more non-sex crimes the sentencing court may make the non-sex crime sentences concurrent or consecutive to one another but must make these sentences consecutive to the sentence on the sex crime. When a defendant is charged with a sex crime and a second sex crime and one or more non-sex crimes the sentencing court must first determine whether the non-sex crimes are to be concurrent or consecutive to one another but must make the sentence on the non-sex crimes consecutive to the sentence on the other sex crime which must be consecutive to any other sex crime. We interpret the provisions of this section to isolate sex crimes so that the sentencing for such offenses will be more severe which results from consecutive sentencing for sexual offenses that occur during or at the same time as any other offenses whether a sex crime or a non-sex crime. It would therefore be illogical to construe this section to mandate consecutive sentences for rape and robbery and not rape and

sodomy. If the opposite view were adopted then robbery in the discretion of the trial court may be punished more severely than sodomy when prosecuted in conjunction with a rape charge. We find that view inconsistent with the general requirement of § 558.026.1 RSMo Cum.Supp.1984 that sex crimes be punished more severely. This section removes from the trial court the option of sentencing sex crimes concurrently. Formerly § 558.026.1 Laws 1977, effective January 1, 1979, provided that multiple sentences on any crime would run concurrently unless the court designated consecutive sentences. Section 558.026.1 was amended by Laws 1980 to its present form and indicates the legislative intent for consecutive sentences for the sex crimes expressly mentioned in this section.

This carefully reasoned position is compelling and properly discerns the legislative intent. I find the statute unambiguous on its face; accordingly there is no occasion to employ the maxim that ambiguities must be resolved in favor of the accused, or even in favor of maximum discretion in the trial court.

As the findings and conclusions of the motion court are not clearly erroneous, I would affirm its ruling and leave intact appellant's consecutive ten-year sentences.