**Carl PARKER, Movant/Appellant,**

v.

**STATE of Missouri,
Defendant/Respondent.**

**No. 59230.**

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 28, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
March 3, 1992.

Case Transferred to Supreme Court
April 21, 1992.

Case Retransferred to Court of Appeals
Sept. 22, 1992.

Original Opinion Reinstated
Sept. 28, 1992.

Jeannie Arterburn, Asst. Public Defender, St. Louis, for movant/appellant.

William L. Webster, Atty. Gen., Millie Aulber, Asst. Atty. Gen., Jefferson City, for defendant/respondent.

CRANE, Judge.

Movant, Carl Parker, appeals from the denial of his Rule 27.26 motion for post-conviction relief by the Circuit Court of the City of St. Louis. Movant asserts that the trial court incorrectly imposed consecutive sentences for his two sex offenses and that two of the counts of the information were insufficient to confer jurisdiction on the trial court. We affirm in part, reverse in part and remand for resentencing on Count V.

Movant was convicted by a jury of Burglary in the First Degree in violation of § 569.160 RSMo 1978; Robbery in the Second Degree in violation of § 569.030 RSMo 1978; Kidnapping in violation of § 565.110 RSMo 1978; and two counts of Attempted Rape in violation of § 564.011 RSMo 1978 and was sentenced to a total of eighty years imprisonment. Specifically, movant was sentenced to a term of ten years imprisonment on the burglary count and ten

years imprisonment on the robbery count, the two terms to run concurrently, and to consecutive terms of thirty years each and ten years on the two attempted rape counts and the kidnapping count. On direct appeal, this court affirmed the judgment of the trial court. *State v. Parker,* 738 S.W.2d 566 (Mo.App.1987).

Movant filed a *pro se* motion for post-conviction relief under Rule 27.26 and subsequently his counsel filed an amended Rule 27.26 motion.[1] The motion court held an evidentiary hearing and denied the motion. This appeal followed.

■ Movant first asserts that the motion court erred in finding that the trial court correctly sentenced him to consecutive sentences for each of the two attempted rape convictions. Movant claims that the trial court incorrectly interpreted § 558.026.1 RSMo 1986 to require that he be sentenced to consecutive terms for those two convictions and did not know that it had discretion to make those two sentences concurrent.

Section 558.026.1 provides:

Multiple sentences of imprisonment shall run concurrently unless the court specifies that they shall run consecutively; except that, in the case of multiple sentences of imprisonment imposed for the felony of rape, forcible rape, sodomy, forcible sodomy or an attempt to commit any of the aforesaid and for other offenses committed during or at the same time as that rape, forcible rape, sodomy,

forcible sodomy or an attempt to commit any of the aforesaid, the sentences of imprisonment imposed for the other offenses may run concurrently, but the sentence of imprisonment imposed for the felony of rape, forcible rape, sodomy, forcible sodomy or an attempt to commit any of the aforesaid shall run consecutively to the other sentences.

Here the trial court chose to sentence the defendant to concurrent terms for the burglary and robbery convictions, and to consecutive terms for each attempted rape conviction and the kidnapping conviction. These sentences were within the parameters of the statute.

■ However defendant argues that under *Williams v. State,* 800 S.W.2d 739 (Mo. banc 1990) the trial court had the discretion to run the sentences for rape concurrently to each other and because of the remarks of the prosecuting attorney, which reflected the interpretation this court then gave to § 558.026.1, the trial court did not know it had discretion to run the two attempted rape sentences concurrently to each other. We agree that the trial court had the discretion to make the sentences on the two attempted rape counts run concurrently. *Williams,* 800 S.W.2d at 740–41.[2] The judge did not expressly state that he imposed consecutive sentences because he understood the statute compelled him to do so. However the prosecuting attorney informed the court that the statute required

---

1. The litigation preceding the filing of the amended motion is found in *Parker v. State,* 785 S.W.2d 313 (Mo.App.1990).

2. We are aware of the dicta in *State v. Seaton,* 815 S.W.2d 90, 92 (Mo.App.1991) and *State v. Hill,* 817 S.W.2d 609, 611 (Mo.App.1991) to the effect that sentences on sex crimes must be consecutive when committed at the same time as non-sex crimes. Both of these cases were resolved on other grounds, so those opinions did not further clarify whether this language meant that, when non-sex crimes are also charged, the sentences on multiple sex crimes must be consecutive to each other and to the non-sex crimes or if the sentences on multiple sex crimes must be consecutive only to the non-sex crimes. Under *Williams* this language must be given the latter interpretation. *Williams* holds:

The statute establishes two kinds of offenses for sentencing purposes—the listed offenses and "other offenses." It states clearly what the court must do if the defendant is convicted of an offense in each class. It does not, however, say in explicit language what must be done if there are multiple convictions of those offenses listed. We believe that the ambiguity must be resolved, not so much through a "rule of lenity" as in favor of according the trial court maximum discretion. 800 S.W.2d at 740. The supreme court held that where there are multiple convictions of offenses in a class, the court has the discretion to make the sentence concurrent or consecutive. Nothing in *Williams* suggests that the sentencing court would lose this discretion with respect to offenses within a class when multiple offenses in both classes are charged.

that the sentences on the two attempted rape convictions be consecutive and the controlling decisions of this court at that time required that result. *See e.g. Adams v. State,* 688 S.W.2d 401, 403 (Mo.App. 1985); *State v. Blockton,* 703 S.W.2d 500, 501 (Mo.App.1985). Because the trial court did not express a different reason for imposing the consecutive sentences, we must remand for resentencing on Count V only. On remand the court in the exercise of its discretion may make the sentence on Count V either concurrent with or consecutive to the sentence on Count III. The sentence must however remain consecutive to the sentences imposed on Counts I, II and IV.

■ Movant next argues that the motion court erred in denying post-conviction relief because the information was insufficient to confer the trial court with jurisdiction on the two attempted rape counts. He claims that these counts did not set out all of the essential elements of each offense.

The counts in the information to which movant refers are counts III and V, which charged:

### III.

Edward J. Rogers, Assistant Circuit Attorney, in the City of St. Louis, State of Missouri, charges a substitute information in lieu of indictment in that the defendant on September 19, 1985, in violation of Section 564.011, RSMo, committed the felony of an attempt to commit the offense of forcible rape, punishable upon conviction under Section 558.011, RSMo, in that the defendant removed the blouse and bra of G.B. and exposed his penis to her, and such conduct was a substantial step toward the commission of the crime of forcible rape upon G.B., and was done for the purpose of committing such forcible rape.

### V.

Edward J. Rogers, Assistant Circuit Attorney, in the City of St. Louis, State of Missouri, charges a substitute information in lieu of indictment in that the defendant on September 19, 1985, in violation of Section 564.011, RSMo, committed the felony of an attempt to commit the offense of forcible rape, punishable upon conviction under Section 558.011, RSMo, in that the defendant removed the pants of M.W. and ripped open her blouse and threw M.W. to the ground, and such conduct was a substantial step toward the commission of the crime of forcible rape upon M.W., and was done for the purpose of committing such forcible rape.

The test of sufficiency of an indictment or information is whether it contains the essential elements of the offense as set out in the statute and clearly apprises the defendant of the facts constituting the offense. *State v. Brown,* 660 S.W.2d 694, 698 (Mo. banc 1983); *State v. Puckett,* 782 S.W.2d 454, 455 (Mo.App.1990); *State v. Brown,* 660 S.W.2d 694, 698 (Mo. banc 1983). In charging the inchoate offense of attempt, the state need not be as explicit and specific as it must be in charging the complete crime. *Henderson v. State,* 789 S.W.2d 498, 501 (Mo.App.1990). Furthermore, Rule 23.01(e) provides that "all indictments or informations which are substantially consistent with the forms of indictment or information which have been approved by this Court shall be deemed to comply with the requirements of this Rule 23.01(b)" which is the rule governing indictments and informations. *Id.*

The information in this case tracked MACH–CR 18.02, a form that has been approved by the Missouri Supreme Court when charging attempt crimes. As in *Henderson v. State, supra,* the information here clearly alleged conduct constituting a substantial step toward the crime charged, in this case forcible rape. It is not necessary, in setting out a substantial step, to include every essential element of the offense.

■ If movant needed more details, he could have filed a bill of particulars. Rule 23.04. By failing to file a bill of particulars asking for a more specific statement of the two charges of attempted rape brought against him he waived any right to raise

the issue here. *State v. Primm*, 785 S.W.2d 314, 315 (Mo.App.1990).

The judgment denying post-conviction relief is affirmed in part and reversed in part. The cause is remanded to the trial court for the purpose of resentencing movant on Count V.

REINHARD, P.J., and GARY M. GAERTNER, J., concur.

