STATE of Missouri, Respondent,

v.

Keno POWELL, Defendant/Appellant.

No. ED 97161.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 2, 2012.

Craig Allan Johnston, Columbia, MO, Attorney for Appellant.

Chris Koster, Attorney General, Craig A. Johnston, Assistant Attorney General, Jefferson City, MO, Attorney for Respondent.

## OPINION

MARY K. HOFF, Judge.

Keno Powell (Defendant) appeals from the judgment upon his conviction by a jury for one count of attempted forcible rape, in violation of Section 566.030, RSMo Supp. 2009, and one count of resisting arrest, in violation of Section 575.150 RSMo Supp. 2009 [1]. We affirm the trial court's judgment in all respects except we remand for resentencing consistent with this opinion.

### Factual and Procedural Background

Defendant does not challenge the sufficiency of the evidence to support his convictions. Viewed in the light most favorable to the verdict, the evidence at trial established the following facts:

On July 5, 2010, at approximately 4:35 a.m., Defendant went to the home of his friend's mother (Victim). Defendant told Victim that he had come to Victim's home because he was meeting Victim's son there. Defendant had previously been to Victim's home, and Victim was not frightened by Defendant's presence. Victim told Defendant to come inside and to wait in the kitchen while she called her son, who did not live with Victim. When Victim could not reach her son by phone, she told Defendant that he needed to go home.

Defendant refused to leave and attacked Victim. During a physical struggle, Defendant pulled Victim's hair, choked Victim, and told Victim to comply with his demands for sex or he would kill her. Victim screamed for help.

Meanwhile, Victim's neighbor heard the struggle and called police. A police officer arrived shortly thereafter, heard Victim screaming, and knocked on the front door. The officer identified himself and threatened to kick down the door if it was not opened. Defendant then bit Victim's face and ran out the back door. Victim went to the front door and opened it. The officer saw what appeared to be signs of a struggle, including furniture in disarray and a pile of men's clothing in the middle of the living room floor. Victim gave Defendant's name to the officer and identified Defendant as her attacker. The officer was familiar with Defendant and knew that he lived about a block from Victim's home. The officer provided his sergeant with the information.

Two other officers went to Defendant's residence at approximately 5 a.m. Defendant's stepfather answered the door, and the officers explained that they were looking for Defendant and believed he was at the residence. Defendant's stepfather invited the officers inside and pointed them in the direction of Defendant's room. Defendant was not there, so the officers checked the rest of the house, then the garage. Defendant was sitting in a lawn chair inside the garage and appeared to be sleeping. Defendant was wearing a tank top but was naked from the waist down. The officers advised Defendant that he was under arrest and began to handcuff Defendant. Defendant woke up, stood up, and started pull away from the officers. One of the officers continued to try to

handcuff Defendant, but Defendant started to swing his left arm wildly and then tried to pick up the chair on which he had been sitting. The officers believed that Defendant was out of control and that their safety was threatened, so one of the officers "tased" Defendant. Defendant fell to the floor, and the officer was able to handcuff Defendant.

Defendant was charged as a prior offender with one count of attempted forcible rape (Count I) and one count of resisting arrest (Count II). The jury returned verdicts of guilty to both counts. At sentencing, the following transpired:

> THE COURT: Your sentence is 20 years under Count I and concurrent four years under Count II.
>
> [DEFENSE COUNSEL]: Consecutive.
>
> THE COURT: Consecutive. Thank you. Consecutive on the second charge to the non sex charge, so the resisting arrest has to be run consecutive to Count I.

This appeal followed.

### Discussion

In his sole point on appeal, Defendant claims the trial court plainly erred in sentencing him to consecutive prison sentences for attempted forcible rape and resisting arrest because these sentences violated Defendant's rights under Section 558.026 and to constitutional due process. Defendant specifically argues that the evidence established that the two offenses occurred on different streets and involved different victims; thus, the trial court was not required to impose consecutive sentences under Section 558.026.1. Defendant further argues that a manifest injustice resulted because he is serving four more years than he might have been serving if the trial court had not believed it was required to run the sentences consecutively. Defendant's point is well taken.

Although plain errors affecting a defendant's substantial rights may be considered when the court finds that a manifest injustice or a miscarriage of justice has resulted therefrom, such consideration is in the appellate court's discretion. Rule 30.20. The plain error rule is to be used sparingly and does not justify a review of every point that has not been preserved properly. *State v. Roberts*, 948 S.W.2d 577, 592 (Mo. banc 1997); *State v. Boyd*, 954 S.W.2d 602, 606 (Mo.App. W.D.1997). Plain errors are evident, obvious, and clear, and we determine whether such errors exist based on the facts and circumstances of each case. *State v. Scott*, 348 S.W.3d 788, 799 (Mo.App. S.D.2011); *Boyd*, 954 S.W.2d at 606. A defendant's claim of plain error must establish on its face substantial grounds for us to believe a manifest injustice or a miscarriage of justice occurred; otherwise, we will decline to review for plain error. *Scott*, 348 S.W.3d at 799; *Boyd*, 954 S.W.2d at 606.

Section 558.026.1 provides:

> Multiple sentences of imprisonment shall run concurrently unless the court specifies that they shall run consecutively; except that, in the case of multiple sentences of imprisonment imposed for the felony of rape, forcible rape, sodomy, forcible sodomy or an attempt to commit any of the aforesaid and for other offenses committed during or at the same time as that rape, forcible rape, sodomy, forcible sodomy or an attempt to commit any of the aforesaid, the sentences of imprisonment imposed for the other offenses may run concurrently, but the sentence of imprisonment imposed for the felony of rape, forcible rape, sodomy, forcible sodomy or an attempt to commit any of the aforesaid shall run consecutively to the other sentences.

■ "The language makes it clear that sentences for 'rape, forcible rape, sodomy, forcible sodomy, or attempt to commit any of the aforesaid' must be run consecutively to 'other sentences,' which are defined as 'multiple sentences of imprisonment ... for other offenses committed during or at the same time.'" *Williams v. State,* 800 S.W.2d 739, 740 (Mo. banc 1990). Section 558.026.1 establishes two kinds of offenses for sentencing purposes: the listed offenses and "other offenses." *Williams,* 800 S.W.2d at 740. The trial court has discretion to run sentences concurrently if all of the defendant's convictions are for crimes listed in the statute. *Scott,* 348 S.W.3d at 800; Section 558.026.1. On the contrary, sentences for multiple sex offenses listed in the statute must run consecutively when those offenses were committed at the same time as non-sex offenses. *State v. Hill,* 817 S.W.2d 609, 611 (Mo.App. E.D.1991). A defendant is entitled to re-sentencing if the record demonstrates that the trial court imposed consecutive sentences based on a misunderstanding of the statute or if the record is unclear regarding the trial court's reasons for imposing consecutive sentences. *Scott,* 348 S.W.3d at 800; *Parker v. State,* 836 S.W.2d 469, 472. "This may occur, for example, where the prosecutor states an erroneous interpretation of the statute and the judge imposes consecutive sentences without further discussion or comment." *Scott,* 348 S.W.3d at 800. "Where, on the other hand, the record demonstrates that the judge's decision to impose consecutive sentences was based on valid considerations, such as independent consideration of the severity of the crimes, no error will be found." *Id.*

■ Here, when the trial court first pronounced that Defendant's sentences would run concurrently, defense counsel interrupted and stated, "Consecutive." The trial court corrected itself and stated, "Consecutive. Thank you. Consecutive on the second charge to the non sex charge, so the resisting arrest has to be run consecutive to Count I." Although the trial court did not expressly state that it was imposing consecutive sentences because of a belief that the statute compelled it to do so, this was a misunderstanding of Section 558.026.1. The trial court had discretion to impose either consecutive or concurrent sentences because Defendant was convicted of one sex offense listed in the statute and one non-sex offense not listed in the statute and the two offenses did not occur at the same time. *See Scott,* 348 S.W.3d at 800; *Williams,* 800 S.W.2d at 740. The evidence at trial established that Defendant attempted to rape Victim in her home then, some time later, resisted arrest in the garage of his own residence about a block away from Victim's home. Consequently, we cannot say that the trial court might not have pronounced a less severe sentence if it thought it had discretion to do so. *See Williams,* 800 S.W.2d at 741.

Because the record implies that the trial court believed it was compelled to impose consecutive sentences and trial court did not express a different reason for imposing the consecutive sentences, we must remand this case for resentencing to consider whether the sentences should be concurrent or consecutive. *See Parker,* 836 S.W.2d at 472. Point granted.

*Conclusion*

The trial court's judgment is affirmed in all respects except for resentencing consistent with this opinion.

KATHIANNE KNAUP CRANE, Presiding Judge, and ROY L. RICHTER, Judge, concur.