

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

STATE OF MISSOURI, )
)
   Respondent, )
)
v. ) WD83500
)
DAVID PAINE, ) Opinion filed: September 21, 2021
)
   Appellant. )

**APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**THE HONORABLE JOEL P. FAHNESTOCK, JUDGE**

Division Three: Gary D. Witt, Presiding Judge,
Edward R. Ardini, Judge and W. Douglas Thomson, Judge

David Paine ("Paine") appeals from his conviction of the class E felony of

unlawful use of a weapon. In his sole point on appeal, Paine argues that the trial

court plainly erred in not *sua sponte* excluding evidence that Paine assisted Westport

security in a nearby shooting just prior to the incident charged. The judgment is

affirmed.

## Factual and Procedural History

On January 12, 2018, Victim was working as a security guard and bouncer at

Johnny Kaw's bar in the Westport District of Kansas City. Between 2:45 and 3:00

a.m. that morning while helping close the bar, Victim and co-workers heard gunshots

and saw Westport security guards running east towards the sound of the gunshots, away from the bar. Immediately thereafter, Victim and his co-workers observed a taxi cab approach from the east and park awkwardly in front of the bar. With the engine still running and the windows down, the driver of the taxi cab, later identified as Paine, ran from the taxi cab towards the shooting with his hand on his holstered handgun, leaving the door to his taxi cab open. Paine later explained that his unusual actions stemmed from his desire to be of assistance to the security guards, who were friends of his, in addressing the gunshots heard.

Because the taxi cab was parked awkwardly, Victim approached the taxi cab and wrote with his finger the word "sucker" in the dust on the back window. Victim held nothing in his hands. As Victim was doing this, he heard yelling and saw Paine running towards him, visibly angry. When Victim began to walk away, Paine grabbed his forearm. Victim spun around, broke free of Paine's hold, and asked Paine what he was doing. Paine responded with angry cursing. Paine continued to curse at Victim for touching his vehicle and then reached for his holstered handgun and yelled, "I will shoot you right now, motherfucker." Paine then drew his handgun and pointed it at Victim's face. The yelling and cursing continued until one of Victim's co-workers began recording the event on his cell phone. Paine then returned to his taxi cab, and Victim and his co-workers walked away.

The following morning, David Gillespie ("Gillespie"), assistant director of Chesley Brown Security, a private company that provides armed security to Westport, reviewed the security camera footage of the incident. According to

2

Gillespie, Paine neither worked for Westport security nor was he a Kansas City police officer or a Jackson County Sheriff's Deputy. Gillespie further stated that it would not have been proper protocol for Westport security to have an armed civilian assist with or intervene in an incident involving gunfire. Accordingly, Gillespie contacted Kansas City Police Sergeant Caleb Lenz to review the security footage. After review of the footage, Paine was arrested on the felony charge of unlawful use of a weapon. Paine was interviewed by law enforcement and provided varying accounts of the events which transpired. Among his accounts of the night's events, Paine claimed that he drew his gun against the Victim in self-defense, a claim rebutted by security footage of the incident.

Prior to trial, Paine filed a motion *in limine* requesting that the court preclude the State from offering evidence that he aided or assisted Westport security when shots were fired just prior to Paine's altercation with Victim. The State argued that the admission of such evidence was necessary to provide context to the incident and that it went to show Paine's state of mind at the time of the offense, why Paine "might have been at a heightened sense of alertness," and "why he decided to pull a firearm on a victim who merely had written on the back windshield of his cab." The State also argued that it was necessary to rebut Paine's allegation that he drew his weapon in self-defense and whether that was reasonable. In response, Paine argued that it was not necessary to provide context, but instead only served to portray him as a "loose cannon." The court found that the evidence was more probative than

prejudicial because it was part of the events surrounding the incident charged, and overruled Paine's motion.

During opening statements at trial, Paine's counsel stated to the jury that they "will see and [they] will hear" that Paine heard gunshots and went to "assess the situation." During the trial, the State elicited testimony that just prior to the charged incident, Paine had been assisting or aiding Westport security in a nearby shooting, to which no objection was made. The State offered a copy of the security footage showing Paine running towards the shots fired with his hand on his holstered firearm, to which Paine's counsel replied, "no objection," and the exhibit was admitted. The State also offered still-shot photographs taken from the video footage. After review of the photographs, Paine's counsel again replied, "no objection," and the exhibits were admitted. The jury found Paine guilty of the class E felony of unlawful use of a weapon. The court sentenced Paine to four years imprisonment pursuant to shock incarceration under Section 559.115.

Paine appeals, seeking plain error review in arguing that the trial court should have *sua sponte* excluded evidence that Paine assisted Westport security in responding to the nearby shooting prior to the incident charged.

**Standard of Review**

Where there is no objection to the admission of the evidence, our review, if any, is for plain error only under Rule 30.20.[1] *State v. McElroy*, 520 S.W.3d 493, 495 (Mo. App. W.D. 2017) (internal citations and quotations omitted). Plain error review is

---

[1] All references to Rules are to the Missouri Rules of Civil Procedure (2018), unless otherwise indicated.

discretionary. *State v. Michaud*, 600 S.W.3d 757, 762 (Mo. banc 2019). "Plain error for purposes of Rule 30.20 is error that is evident, obvious, and clear." *State v. Beggs*, 186 S.W.3d 306, 311 (Mo. App. W.D. 2005) (citing *State v. Mickle*, 164 S.W.3d 33, 58 (Mo. App. W.D. 2005)). Under plain error review, this Court will not reverse appellant's conviction unless the alleged error resulted in manifest injustice or a miscarriage of justice to the appellant. Rule 30.20; *see also State v. Simpson*, 846 S.W.2d 724, 726 (Mo. banc 1993). Plain error review involves two steps. "First, the court must determine whether the trial court committed an evident, obvious and clear error, which affected the substantial rights of the appellant." *State v. Beggs*, 186 S.W.3d at 311 (citing *State v. Mickle*, 164 S.W.3d at 58-59). "[I]f obvious and clear error is found in the first step of the review, the second step of plain error review requires the court to determine whether manifest injustice or a miscarriage of justice resulted therefrom." *Id.* at 311-12.

Uninvited interference by the trial court in trial proceedings is generally discouraged because it risks injecting the court into the role of a participant and invites error. *State v. Kunonga*, 490 S.W.3d 746, 755 (Mo. App. W.D. 2016). The trial court should take independent action only in the most unusual or exceptional circumstances. *Id.* Thus, an appellate court will rarely find plain error where a trial court has failed to act *sua sponte* with regard to the proceedings. *Id.*

### Analysis

In his sole point on appeal, Paine argues that the trial court erred in not *sua sponte* excluding evidence that Paine assisted Westport security in responding to a

5

nearby shooting prior to the incident charged because such evidence was more prejudicial than probative and constituted improper propensity evidence. Paine contends that the court erred in allowing the State to both elicit testimony that Paine aided Westport security prior to the incident charged, and admit into evidence the video footage and still-shot photograph exhibits. Paine acknowledges that because he made no objection at the time the exhibits were offered into evidence and because no objection was made at the time the testimonial evidence was elicited, his claim was not preserved for appellate review. As such, Paine requests that this Court exercise our discretion and grant plain error review pursuant to Rule 30.20. *See State v. Clay*, 533 S.W.3d 710, 717 (Mo. banc 2017).

Paine, in asserting the trial judge should have *sua sponte* excluded such evidence, directs us to well-established Missouri law that the State may try a criminal defendant only for the offense for which he is on trial. Mo. Const. art. I, §§ 17, 19. Indeed, "[t]he general rule concerning the admission of evidence of uncharged crimes, wrongs, or acts is that evidence of prior uncharged misconduct is inadmissible for the purpose of showing the propensity of the defendant to commit such crimes." *State v. Harris*, 156 S.W.3d 817, 824 (Mo. App. W.D. 2005) (citing *State v. Carr*, 50 S.W.3d 848, 854 (Mo. App. W.D. 2001)).

However, Paine fails to mention that in *his own* opening statement the judge and jury were told by his counsel, "[y]ou will see and you will hear that on this occasion, a couple of [Paine's] extremely near and close friends with Westport security [. . .] were called because shots were fired, he also had a firearm on him. He goes to

6

assess the situation . . . . He doesn't draw his firearm, but he bolts out of the car because he's in a hurry to try to make sure that those guys are okay."

"The primary purpose of an opening statement is to inform the judge and jury of the general nature of the case, so they may appreciate the significance of the evidence as it is presented." *State v. Rutter*, 93 S.W.3d 714, 727 (Mo. banc 2002) (quoting *State v. Thompson*, 68 S.W.3d 393, 394 (Mo. banc 2002)). In informing the judge in his opening statement of the events which transpired prior to threatening Victim with his weapon, Paine put the trial court on notice of what evidence Paine would expect to be presented at trial, and sought to exploit that evidence to paint Paine in a positive light. Being put on notice of what Paine expected the evidence to be, the trial judge would have been interjecting herself into the trial had she *sua sponte* acted to exclude that very evidence, and, ironically, would have risked inviting trial error for the exact *opposite* reason as Paine now contends. *See State v. Roper*, 136 S.W.3d 891, 902 (Mo. App. W.D. 2004). "When counsel has affirmatively acted in a manner precluding a finding that failure to object was a product of inadvertence or negligence, or it is clear that counsel acted for a trial strategy reason, plain error review is waived." *State v. Marr,* 499 S.W.3d 367, 376-77 (Mo. App. W.D. 2016) (internal quotation marks and citations omitted). Paine's opening statement has waived the claim of plain error review he now requests.[2]

---

[2]Even had Paine not waived plain error review, his point would not succeed. "[A]dmission of evidence only violates the general rule as to uncharged crimes evidence if it shows that the defendant has committed, been accused of, been convicted of or definitely associated with another crime or crimes." *State v. Harris,* 156 S.W.3d at 824. Here, the testimony elicited was not of any uncharged crime at all. Rather, the evidence elicited was that Paine merely exited his taxi hastily and went to the aid of Westport security in a nearby shooting. Paine returned to his taxi shortly thereafter where he found Victim writing in the dust on his taxi's window. This evidence, which Paine now asserts

7

Irrespective of the statements made during Paine's opening statement, we find that Paine has waived plain error review as to the exhibits offered and admitted into evidence for yet another reason. Here, the State offered the security video showing Paine running in the direction from where the gunshots were fired with his hand on his holstered firearm. The prosecutor stated, "[y]our Honor, at this point, I would move for admission of [the security footage]." In response to the State's offer of the exhibit, Paine's counsel stated, "[n]o objection." Likewise, the still-shots obtained from the security footage were offered. Again, the prosecutor stated, "[y]our Honor, I'd move for admission of State's Exhibit[s] 2 through 19," to which Paine, after asking to see the exhibits, stated, "[n]o objection."

"Plain error review does not apply when a party affirmatively states that it has no objection to evidence an opposing party is attempting to introduce." *State v. Tillitt*, 552 S.W.3d 571, 577 (Mo. App. W.D. 2018) (quoting *State v. Johnson*, 284 S.W.3d 561, 582 (Mo. banc 2009)). Here, Paine did not challenge the State's offered exhibits, but rather affirmatively stated that he had no objection to them. In doing so, he waived any plain error review as to such evidence. *Id*. Point denied.

**Conclusion**

The judgment of the trial court is affirmed.

_____
W. DOUGLAS THOMSON, JUDGE

All concur.

---

should have be *sua sponte* excluded, is not evidence that Paine "has committed, been accused of, been convicted of or definitely associated with another crime or crimes" at all. *See id*.

8