

# In the
# Missouri Court of Appeals
# Western District

STATE OF MISSOURI,

        **Respondent,**

v.

**CLIFFORD L. WILLIAMS,**

        **Appellant.**

**WD77678**

**OPINION FILED:**

**July 21, 2015**

---

**Appeal from the Circuit Court of Jackson County, Missouri
The Honorable James Kanatzar, Judge**

**Before Division One:
James Edward Welsh, P.J., Thomas H. Newton, and Karen King Mitchell, JJ.**


Clifford L. Williams appeals from the circuit court's judgment convicting him of driving while intoxicated as a chronic (intoxication-related) offender and driving while revoked. The circuit court found Williams to be a prior and persistent (felony) offender and sentenced him to ten years in prison on the driving while intoxicated count and to three years in prison on the driving while revoked count, with the sentences to run concurrently. Williams contends that the circuit court plainly erred in sentencing him because the court held a materially false belief that the minimum sentence applicable to the offense of driving while intoxicated as a chronic (intoxication-related) offender for a prior and persistent (felony) offender was ten years'

imprisonment. The State concedes that the circuit court was mistaken about the minimum sentence applicable to the offense and agrees that we should reverse the circuit court's judgment in regard to sentencing and remand to the circuit court for resentencing.

The State filed an information in lieu of an indictment charging Williams as a prior and persistent (felony) offender with one count of driving while intoxicated as a chronic (intoxication-related) offender and one count of driving while revoked.[1] Before trial, the circuit court found beyond a reasonable doubt that Williams was a chronic (intoxication-related) offender and a prior and persistent (felony) offender. After a trial by a jury, Williams was found guilty on both counts.

At the sentencing hearing, Williams's attorney argued that "the minimum sentence that the Court can give [Williams] is two years[2] under the statute, and because of the prior, prior and persistent levels, it can be up to life[.]" Defense counsel acknowledged Williams's criminal history but requested that the court sentence Williams to a two-year term of imprisonment because the State's witnesses lacked credibility, no one was injured, and Williams had made positive changes over the past two and a half years and had support from his family and friends.

In response, the State argued:

> As to the recommendation provided by defense counsel of two years, Your Honor, one, as the defendant is charged, he's charged with a Class B felony. Even without prior and persistent status, that would be a range of punishment of five to

---

[1]The State also charged Williams with possession of a controlled substance but dismissed that charge before trial.

[2]In his brief, Williams acknowledges that he could not have been sentenced to a two-year term of imprisonment. Although the chronic (intoxication-related) offender statute provided that a chronic offender is required to serve a minimum of two years in prison, § 577.023.6(4), RSMo Cum. Supp. 2013, Williams was found guilty of a class B felony, which has a minimum punishment of not less than five years, § 558.011.1(2), RSMo Cum. Supp. 2013.

2

15 years. By statute he has to serve two years before he'd be eligible for probation or parole, so he has to be sentenced to a minimum of five years.

The state, however, presented evidence to this Court and this Court found the defendant guilty of being a prior and persistent felony offender before any facts were presented to the jury, which raises the range of punishment from ten to life, or 30 years.

The State then recommended a sentence of 18 years in prison due to Williams's prior convictions.

In declaring its sentence, the circuit court first acknowledged that Williams was "a prior and persistent offender and a chronic alcohol offender and [will be] sentenced accordingly." The court then stated:

The prosecutor is right. My hands are tied under the law. The range of punishment that is only available to me in this case is a Class A felony, which is a minimum of ten years and a maximum of life on the driving-while-intoxicated count, and on the driving-while-revoked count, the range of punishment that's available to me is one year to seven years in the Missouri Department of Corrections. Because he is an alcohol chronic offender, he has to serve a minimum of two years before he will be eligible for probation and parole, which eliminates the possibility of me providing or me sentencing him pursuant to a probationary status.

The circuit court sentenced Williams to ten years in prison for driving while intoxicated as a chronic (intoxication-related) offender and three years in prison for driving while revoked, with the sentences to run concurrently. Williams appeals.

Williams's sole point on appeal is that, when he was sentenced, the circuit court held a materially false belief that the minimum sentence available to the court was ten years, when in actuality the court had available the full range of punishment available for both class A and class B felonies, thus making Williams eligible for a minimum sentence of five years. Williams concedes that, because he did not object when the court pronounced sentence and did not raise the issue of sentencing error in a motion for new trial, we may review his claim for plain error only.

3

Rule 30.20 authorizes this Court, in its discretion, to review "plain errors affecting substantial rights . . . when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Our Supreme Court has established a threshold review to determine if a court should exercise its discretion to entertain a Rule 30.20 review of a claimed plain error. First, we determine whether or not the claimed error "facially establishes substantial grounds for believing that 'manifest injustice or miscarriage of justice has resulted[.]'" *State v. Brown*, 902 S.W.2d 278, 284 (Mo. banc 1995) (quoting Rule 30.20). If not, we should not exercise our discretion to conduct plain error review. If, however, we conclude that we have passed this threshold, we may proceed to review the claim under a two-step process pursuant to Rule 30.20. In the first step, we decide whether plain error has, in fact, occurred. *State v. Baumruk*, 280 S.W.3d 600, 607 (Mo. banc 2009). "All prejudicial error, however, is not plain error, and plain errors are those which are evident, obvious and clear." *Id*. (citation and internal quotation marks omitted). In the absence of evident, obvious, and clear error, we should not proceed further with our plain error review. If, however, we find plain error, we must continue to the second step to consider whether or not a miscarriage of justice or manifest injustice will occur if the error is left uncorrected. *Id*. at 607-08. In this case, Williams's claim facially establishes substantial grounds for believing that a manifest injustice or miscarriage of justice has resulted.

Typically, "any infirmities in sentencing are matters to be raised in the trial court with the grant of allocution." *State v. Olney*, 954 S.W.2d 698, 700 (Mo. App. 1997). Indeed, "[w]here a defendant does not raise the issue of infirmities in the sentencing process, the matter is not preserved for review." *Id*. When, however, a court sentences a defendant based on a mistaken belief of the available range of punishment, it commits evident, obvious, and clear error, and such error results in a manifest injustice if left uncorrected. *State v. Troya*, 407 S.W.3d 695, 700-

4

01 (Mo. App. 2013) (granting plain error relief when the sentencing court mistakenly believed that defendant faced a minimum of ten years in prison when defendant actually faced a minimum of five years).

In this case, Williams was found guilty of driving while intoxicated. A first offense for driving while intoxicated is a class B misdemeanor. § 577.010.2, RSMo Cum. Supp. 2013. Williams, however, was both charged as and found by the circuit court to be a chronic (intoxication-related) offender, i.e. one who has pleaded guilty or has been found guilty of four or more intoxication-related traffic offenses. § 577.023.1(2)(a), RSMo Cum. Supp. 2013. Pursuant to section 577.023.5, RSMo Cum. Supp. 2013, "[a]ny person who pleads guilty to or is found guilty of a violation of section 577.010 or section 577.012 who is alleged or proved to be a chronic offender shall be guilty of a class B felony." The authorized term of imprisonment for a class B felony is "a term of years not less than five years and not to exceed fifteen years[.]" § 558.011.1(2), RSMo Cum. Supp. 2013. Because, however, Williams was also found to be a prior and persistent (felony) offender under section 558.016, RSMo Cum. Supp. 2013, he faced an authorized maximum term of imprisonment for any sentence authorized for a class A felony. § 558.016.7(2), RSMo Cum. Supp. 2013. The authorized term of imprisonment for a class A felony is "a term of years not less than ten years and not to exceed thirty years, or life imprisonment." § 558.011.1(1), RSMo Cum. Supp. 2013.

The effect of the court's finding Williams to be a prior persistent (felony) offender under section 558.016 was that Williams's *maximum* authorized sentence increased to that of a class A felony, but his minimum sentence remained as that of a class B felony. *State v. Cowan*, 247 S.W.3d 617, 619 (Mo. App. 2008); *see also Troya*, 407 S.W.3d at 700-01 (defendant convicted of driving while intoxicated and found to be a persistent offender should have faced a range of

5

punishment of five to thirty years or life in prison and the circuit court was incorrect in defining the possible terms as a class A felony range of punishment). Indeed, in *Cowan*, this court held that the prior and persistent offender statute "only extends the maximum sentence but does not alter the minimum sentence." 247 S.W.3d at 619; *Troya*, 407 S.W.3d at 700-01. The *Cowan* court noted that the "range of punishment for a B felony is five to fifteen years" and that the "range of punishment for an A felony is ten to thirty years or life imprisonment." 247 S.W.3d at 619; *Troya*, 407 S.W.3d at 701. The court, therefore, held that the range of punishment for a prior and persistent offender under such circumstances should be "five to thirty years or life imprisonment." *Cowan*, 247 S.W.3d at 619; *Troya*, 407 S.W.3d at 701. In so holding, the *Cowan* court stated: "'A sentence passed on the basis of a materially false foundation lacks due process of law and entitles the defendant to a reconsideration of the question of punishment in the light of the true facts, regardless of the eventual outcome.'" *Cowan*, 247 S.W.3d at 619 (quoting *Wraggs v. State*, 549 S.W.2d 881, 884 (Mo. banc 1977)); *Troya*, 407 S.W.3d at 700. The court emphasized, "This is so even if it is likely the court will return the same sentence." *Cowan*, 247 S.W.3d at 619; *Troya*, 407 S.W.3d at 700.

The same is true in this case. At sentencing, the State erroneously argued that the finding that Williams was a prior and persistent (felony) offender raised the range of punishment "from ten to life, or 30 years." The circuit court agreed, saying "[the State] is right. My hands are tied under the law. The range of punishment that is only available to me in this case is a Class A felony, which is a minimum of ten years and a maximum of life on the driving-while-intoxicated count[.]" But, as this court held in *Cowan* and *Troya*, the prior and persistent offender statute only extended the maximum sentence but did not alter the minimum sentence. *Cowan*, 247 S.W.3d at 619; *Troya*, 407 S.W.3d at 700-01. The circuit court, therefore, still had before it the

6

option of sentencing Williams to the minimum term available for the unenhanced felony, i.e. five years for the class B felony.

Accordingly, because Williams's sentence was imposed by the circuit court on the mistaken belief that Williams was subject to a minimum term of ten years imprisonment, we reverse Williams's sentence and remand to the circuit court for resentencing.

/s/ JAMES EDWARD WELSH
James Edward Welsh, Judge

All concur.