Darryl WHITEHORN,
Movant–Appellant,

v.

STATE of Missouri,
Respondent–Respondent.

No. 52856.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 24, 1987.

Motion for Rehearing and/or Transfer
Denied Jan. 7, 1988.

Application to Transfer Denied
Feb. 17, 1988.

Elizabeth R. Brown, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Karen A. King, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals after the denial of his Rule 27.26 motion following an evidentiary hearing. We affirm.

Movant pled guilty to two counts of first-degree robbery and was sentenced to two concurrent terms of 10 years' imprisonment. Movant filed a Rule 27.26 motion alleging his trial counsel was ineffective, that she failed to investigate his case, and that she misled him into pleading guilty.

At the motion hearing, movant testified concerning his various allegations against his trial counsel. His trial attorney and an investigator for the Public Defender's Office were called to testify for the state at the hearing. Both testified that they had investigated the witnesses named by movant and discovered that the witnesses had no personal knowledge of the offenses. Movant's witnesses did not testify at the hearing.

In its findings of fact and conclusions of law, the motion court found movant's testimony "on the whole to be unworthy of belief and not credible." The court concluded that "the two pleas of guilty ... were freely, knowingly, understanding[ly,] and voluntarily entered" with movant "knowing and understanding the full consequences of the pleas entered." The court denied the motion.

In his sole point on appeal movant alleges, "The motion court erred in denying [movant's] claim that his trial attorney failed to contact essential witnesses who would have testified that no weapon was used in the offense, yet counsel encouraged [movant] to plead guilty anyway based on insufficient investigation...."

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the

appellate court with a definite and firm impression that a mistake has been made. *Richardson,* 719 S.W.2d at 915. The motion court is not required to believe movant's testimony at a Rule 27.26 hearing, *Porter v. State,* 678 S.W.2d 2, 3 (Mo.App. 1984), and an appellate court gives due regard to the motion court's opportunity to hear witnesses and defers to its determination of credibility. *Houston v. State,* 623 S.W.2d 565, 567 (Mo.App.1981). Movant has the burden of proving his asserted grounds for relief by a preponderance of the evidence. *Careaga v. State,* 613 S.W. 2d 863, 867 (Mo.App.1981).

To prevail on an ineffective assistance of counsel claim, movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A movant "must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim." *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987) (emphasis in original). The two-part *Strickland* test applies to cases involving guilty pleas. *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). After a plea of guilty, the effectiveness of counsel is relevant only to the extent it affects the voluntariness of the plea. *Porter v. State,* 678 S.W.2d 2, 3 (Mo.App. 1984).

We conclude that movant failed to sustain his burden of proof on either part of the *Strickland* test. The trial court's determination of the witnesses' credibility leaves movant's claims of a lack of investigation and an involuntary plea without support. Nor is there evidence in the record to show prejudice to the defense. The findings, conclusions, and judgment of the court are not clearly erroneous.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.