**Margie BURKS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 40068.**

Missouri Court of Appeals,
Western District.

Aug. 30, 1988.

Shaun K. Baskett, Public Defender, Osage Beach, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before COVINGTON, P.J., and NUGENT and GAITAN, JJ.

COVINGTON, Judge.

This is an appeal from an order, following an evidentiary hearing, denying Margie Burks' motion under Rule 27.26 grounded exclusively in allegations of ineffective assistance of counsel. The appellant's motion sought to vacate her conviction and eleven-year sentence for manufacturing marijuana, § 195.200.1, RSMo 1978, which was imposed, but suspended, on November 9, 1983, and ordered executed on September 30, 1985, following the revocation of the appellant's probation.

Appellant asserts that her counsel was ineffective because he did not inform her of the elements of the crimes charged, did not inform her of the range of punishment for those crimes, did not discuss with her the evidence the state possessed, did not discuss her right to a jury trial or her right to subpoena witnesses, and did not investigate or pursue discovery.

To prevail upon a claim of ineffective assistance of counsel, defendant must show (1) that counsel's performance was defi-cient, and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Prejudice is shown by proof that, but for counsel's unprofessional errors, there was a reasonable probability that the result would have been different. *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068. Prejudice is not presumed from a showing of deficient performance of counsel, but must be affirmatively proved. *Strickland,* 466 U.S. at 693, 104 S.Ct. at 2067. It is not enough for the defendant to show that the errors had some conceivable effect upon the outcome of the proceeding, *id.;* rather, defendant must show that there is a reasonable probability that, but for the errors of counsel, the fact finder would have had a reasonable doubt respecting guilt. *Strickland,* 466 U.S. at 694–95, 104 S.Ct. at 2068–69. If it is simpler to dispose of a claim of ineffectiveness on the ground of lack of sufficient prejudice, that course should be followed. *Strickland,* 466 U.S. at 697, 104 S.Ct. at 2069–70. "[T]here is no reason for a court ... to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* A court need not determine the performance component before examining for prejudice. *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987).

The *Strickland* test applies, with slight modification, to cases involving guilty pleas. *Hill v. Lockhart,* 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985); *Whitehorn v. State,* 743 S.W.2d 521, 522 (Mo.App.1987). A defendant who attacks the competency of counsel following the entry of a guilty plea must show that counsel made errors so serious that his representation fell below an objective standard of reasonableness and that his attorney's mistakes "affected the outcome of the plea process." *Hill,* 474 U.S. at 59, 106 S.Ct. at 370–71. In order to satisfy the "prejudice requirement," the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Id.*

■ In the present case movant's mere allegations of her counsel's errors are insufficient to satisfy the *Strickland* requirement of "prejudice." Movant does not assert that, absent counsel's alleged omissions, she would have pleaded not guilty and insisted on going to trial. She has pointed to no evidence and made no argument that any of her counsel's alleged omissions or commissions would have affected her plea of guilty. Because movant in this case has failed to allege and prove the "prejudice" necessary to satisfy the second half of the *Strickland* test, the judgment is affirmed.

All concur.