

# In the Missouri Court of Appeals
# Eastern District

## SOUTHERN DIVISION

| | | |
|---|---|---|
| RAYMOND F. GARCIA, | ) | No. ED112359 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Cape Girardeau County |
| vs. | ) | |
| | ) | Honorable Benjamin F. Lewis |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | FILED: December 10, 2024 |

Raymond F. Garcia ("Movant") appeals the judgment denying, without an evidentiary hearing, his Rule 24.035[1] amended motion for post-conviction relief. Because Movant wholly failed to allege the prejudice required to warrant an evidentiary hearing on his claim, we affirm the motion court's judgment.

## Background

The State originally charged Movant with murder in the first degree, armed criminal action and burglary following the shooting death of the victim. During plea negotiations, the State offered to reduce the first-degree murder charge to second-degree murder, recommend a maximum of 25 years in prison on that charge and dismiss the other two charges in exchange for Movant's guilty

---

[1] All rule references are to the Missouri Supreme Court Rules (2023).

plea. Movant accepted the offer and entered an *Alford* plea[2] to second-degree murder. The plea court sentenced him in accordance with the agreement.

Movant filed a pro se Rule 24.035 motion, and appointed counsel filed an amended motion alleging that plea counsel was ineffective for failing to "investigate exculpatory and mitigating evidence." Movant claimed that plea counsel "made no effort" to locate or contact any of the witnesses to the shooting. If plea counsel had done so, Movant alleged, she would have discovered that the victim was armed when Movant shot him "in self-defense." The amended motion identified four witnesses to the shooting by name and claimed that "[o]ne, or a combination of, these witnesses saw the [] victim pull a gun on [Movant]." Movant also averred that one of those witnesses "took the gun from [the victim's] body." The amended motion asserted that "[b]ecause plea counsel did not contact or interview any witnesses, [Movant] also lacked sufficient knowledge of the direct consequences of his guilty plea."

The State filed a motion to dismiss the amended motion. In arguing that an evidentiary hearing was not necessary, the State contended that Movant's amended motion failed to make the required allegation of prejudice since it did not claim that, but for plea counsel's failure to investigate, Movant would not have pleaded guilty and would have insisted on proceeding to trial. The motion court denied Movant's amended motion without an evidentiary hearing, and this appeal follows.

**Standard of Review**

Our review of the denial of a Rule 24.035 motion is limited to determining whether the motion court's findings and conclusions are clearly erroneous. *Stanley v. State*, 420 S.W.3d 532,

---

[2] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

539 (Mo. banc 2014); Rule 24.035(k). We will find clear error only if we are "left with the definite and firm impression that a mistake has been made." *Stanley*, 420 S.W.3d at 539.

## Discussion

In his four points on appeal, Movant contends that the motion court clearly erred in denying his ineffective assistance of counsel claim without an evidentiary hearing. A movant is only entitled to an evidentiary hearing on a Rule 24.035 motion if (1) he or she alleges facts warranting relief, (2) those facts are not refuted by the record and (3) the matters complained of resulted in prejudice. *Coates v. State*, 939 S.W.2d 912, 914 (Mo. banc 1997). When the claim is based on ineffective assistance of counsel, the movant must allege facts showing both prongs of the *Strickland* test: (1) that counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney and (2) that the movant was thereby prejudiced. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "If a movant fails to satisfy either the performance prong or the prejudice prong of the *Strickland* test, his or her claim fails, and it is not necessary for a reviewing court to address the other prong." *Coleman v. State*, 640 S.W.3d 159, 165 (Mo. App. E.D. 2022). Here, Movant failed to allege any facts showing the requisite prejudice, and therefore we affirm the motion court's judgment without addressing his allegations as to plea counsel's performance.

In *Hill v. Lockhart*, 474 U.S. 52, 59 (1985), the United States Supreme Court specified that, in the context of a guilty plea, the prejudice prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." To establish the required prejudice, the Court explained, a movant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted

3

on going to trial." *Id*. If a movant fails to allege this "kind of 'prejudice'" in his or her motion for post-conviction relief, then no evidentiary hearing is required. *Id.* at 60.

Following *Hill*, our courts have consistently held that a movant seeking post-conviction relief under Rule 24.035 is not entitled to an evidentiary hearing unless his or her motion alleges that, but for counsel's error, the movant would not have pleaded guilty and would have proceeded to trial. *See, e.g.*, *Coates*, 939 S.W.2d at 914 (finding that no hearing was required where the movant "did not allege in his post-conviction motion that, had counsel informed him of the possibility of consecutive sentences, he would have pleaded not guilty and insisted upon going to trial"); *Stanley*, 420 S.W.3d at 544, 549 (finding that no hearing was warranted where the movant "fail[ed] to allege that he would not have pleaded guilty and would have insisted on going to trial if counsel had not erred"); *Bogard v. State*, 356 S.W.3d 850, 855 (Mo. App. W.D. 2012) (finding that no hearing was necessary where the movant failed to allege that a proper investigation by plea counsel "would have persuaded him to proceed to trial instead of pleading guilty").

Here, Movant's amended motion did not allege that, but for plea counsel's failure to investigate the witnesses to the shooting, he would not have pleaded guilty and would have insisted on proceeding to trial. The amended motion's only assertion relating to the effect of counsel's allegedly deficient performance was that Movant "lacked sufficient knowledge of the direct consequences of his guilty plea" because plea counsel did not investigate any witnesses. But Movant did not allege any facts showing what impact his supposed ignorance of those consequences had on his decision to plead guilty; therefore, he failed to make the required allegation of prejudice.

Movant contends on appeal that no "magic words" need be used in a Rule 24.035 motion as long as the allegations "show" or "demonstrate" prejudice. But Movant's claim does not fail

4

because his amended motion omitted *particular* words; it fails because he did not include *any* words indicating that his decision to plead guilty would have been different had counsel investigated the self-defense witnesses.

Movant nonetheless insists that he was entitled to an evidentiary hearing because "it was sufficient for [him] to say that his attorney failed to investigate that he acted in self-defense, detail how she failed to do it, and what she would have discovered had she done so." According to Movant, by alleging that plea counsel failed to investigate witnesses who (he claims) would have provided a "complete defense" at trial, he demonstrated not only that her performance was objectively unreasonable but also that there was a reasonable probability he would have insisted on proceeding to trial had counsel conducted the investigation. But "mere allegations of counsel's errors are insufficient" to show prejudice. *Burks v. State*, 768 S.W.2d 98, 100 (Mo. App. W.D. 1988). And none of the cases on which Movant relies say otherwise. In fact, most of the cases he cites are inapposite because they involved prejudice in the context of counsel's performance at trial or during sentencing, not the particular kind of prejudice that must be alleged following a guilty plea. *See Strickland*, 466 U.S. at 693-96; *Harrington v. Richter*, 562 U.S. 86, 111-13 (2011); *Deck v. State*, 68 S.W.3d 418, 425 (Mo. banc 2002); *Rush v. State*, 366 S.W.3d 663, 666-67 (Mo. App. E.D. 2012).

The remaining cases relied on by Movant are equally unavailing. He cites to *Kulhanek v. State*, 560 S.W.3d 94, 99 (Mo. App. E.D. 2018), which did involve a guilty plea but is otherwise distinguishable because the motion in that case included an adequate allegation of prejudice: that, "but for" counsel's failure to discuss the possibility of seeking a voluntary manslaughter instruction at trial, the movant "would not have pled guilty and would have proceeded to trial." Also inapposite is *Hefley v. State*, 626 S.W.3d 244, 250 (Mo. banc 2021), where the movant proved

5

prejudice at the evidentiary hearing by testifying that he would not have pleaded guilty but for counsel's misrepresentation about sentencing. That case, of course, has no bearing on whether the allegations in Movant's amended motion were sufficient to warrant a hearing in the first place. And, finally, Movant mistakenly relies on the following excerpt from *Hill*:

> For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial.

474 U.S. at 59. Nothing in this passage—or any other part of the *Hill* opinion, for that matter—supports Movant's proposition that, in lieu of an allegation of facts adequately showing prejudice, a movant may simply allege a failure to investigate potentially exculpatory evidence and obtain an evidentiary hearing.

In sum, because Movant's amended motion failed to include allegations showing the requisite prejudice, he was not entitled to an evidentiary hearing, and the learned judge presiding over this matter properly denied his claim without one. All points on appeal are denied.

### Conclusion

For the foregoing reasons, the judgment is affirmed.

_____
MICHAEL E. GARDNER, Judge

Thomas C. Clark II, C.J., concurs.
Gary M. Gaertner, Jr., J., concurs.

6